## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **JOHN KLAR** | ) |
| | ) |
| **and** | ) |
| | ) |
| **MARCY KLAR.** | ) |
| | ) |
| **Plaintiffs.** | ) |
| | ) **CASE NO. 3:13cv462** |
| **v.** | ) |
| | ) |
| | ) |
| **SETERUS, INC.,** | ) |
| | ) |
| | ) |
| | ) |
| **Defendant,** | ) |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs hereby oppose the Defendant's Motion to Dismiss.  In seeking dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P., Defendant's ignore the facts in well pleaded facts which would entitle the Plaintiffs to the award of damages caused by Defendant's tortious conduct related to negligent misrepresentation (Count I), negligent accounting practices (Count II), and negligent infliction of emotional distress (Count III).  Plaintiffs are also entitled to award, specific performance and any other type of relief granted by the Court related to Defendant's breach of contract (County IV).  Moreover, Defendant's Motion to Dismiss is premised on the baseless assertion that Plaintiffs fail to state a claim upon which relief can be granted and that Plaintiffs fail to allege enough facts to state a claim for Counts I, II and III.  Plaintiff clearly states sufficient information for which all claims for relief are plausible on their face.

## I.  PROCEDURAL HISTORY

The Plaintiffs commenced this action with the filing of a Complaint in Chesterfield County Circuit Court on 20 June 2013. Defendant was serviced on 27 June 2013. On 18 July 2013 Defendant filed to remove the case to the United States District Court, Eastern District of Virginia, Richmond Division and filed a Consent Motion for an Extension of Time to File Responsive Pleadings. Plaintiffs did not object to the request for the Extension of Time. On 30 July 2013, Plaintiffs file a Motion to Remand. Defendant served the following to the Plaintiff on 13 August 2013, Memorandum in Support of Seterus, Inc.'s Motion to Dismiss Counts I, II and III of the Complaint and Answer and Affirmative Defenses. Plaintiff files this Memorandum in Opposition of Defendants Motion to Dismiss.

## II. PRELIMINARY STATEMEN/FACTUAL BACKGROUND

The Plaintiffs Complaint includes four counts, each relating to a residential home mortgage loan serviced by Defendant and secured by property located at 7624 Gallant Fox Court, Midlothian, Virginia 23112 (the "Property")(Complaint ¶ 6). The Plaintiffs provide in their Complaint specific facts related to the home mortgage modification agreement entered into with the Defendant in early 2012 (Id. at 10-14). Plaintiffs further provide specific facts in their Complaint supporting the claims under each of the four Counts asserted: negligent misrepresentation (Count I); negligent accounting and business practices (Count II), negligent infliction of emotional distress (Count III); and, breach of contract (Count IV).

## III. ARGUMENT

A Motion to Dismiss pursuant to Rule 12(b)(6) challenges the adequacy of the Complaint and whether a Plaintiff has properly stated a claim. Defendant lightly argues that Plaintiffs fail to state a claim for Counts I, II and III. The Defendant' Motion to Dismiss should be denied. The Plaintiffs clearly and unambiguously state their claims upon which relief may be

2

granted relevant to all Counts.  A Plaintiff is not required to express the essential elements of each statute corresponding to a claim in their initial pleadings.  The pleading should contain, in accordance with the Federal Rules of Civil Procedure, Rule 8(a)(2) "a short and plain statement of the claim showing that the pleader is entitled to relief."

The Plaintiffs have plainly stated under Count I paragraphs 44 – 50 of the Plaintiffs' Complaint and with particularity in paragraphs 11 – 15, 23 – 28, 33, 35, 42 and 45 – 50, their claim of negligent misrepresentations by the Defendant regarding the status of the Plaintiffs' mortgage.  The Complaint clearly states the Plaintiffs' claim upon which they are entitled to relief.

In Count II, the Plaintiffs plainly and clearly state the relevant factors, bearing and consequences that the Defendant's negligent accounting practices have imposed on the Plaintiffs' credit.  Paragraphs 1 – 43, and with particularity in paragraphs 17, 19 – 25, 29 – 34, 36 – 37, 40 and 52 – 55 in the Plaintiffs complaint provide clear statements of the bearing and consequences the Defendant's negligent accounting practices imposed on the Plaintiffs' residential mortgage and other forms of financing and support their claim upon which the Plaintiffs are entitled to relief.  Negligent accounting practices by the Defendant have had a direct bearing on the Plaintiffs' residential mortgage evidenced by the fact that the status of the mortgage is continuously and negligently recorded by the Defendant.

Concerning Count III of the Plaintiffs' Complaint, paragraphs 1 – 43, and with particularity in paragraphs 33 – 35, 38 and 43, the Plaintiffs have clearly stated their claim upon which they are entitled to relief.  The claim for negligent infliction of emotional distress is not barred in a contract action and is a separate and independent tort, "Failure to perform a contractual obligation is never a tort unless such performance is also the omission of a legal duty."  Toone v.

3

Adams, 262 NC 403, 407, 137 SE 2d 132 (1964). As set forth below, the Plaintiffs argue in Opposition to the Defendants Motion to Dismiss.

## A. **Standard of Review**

The Defendant's Motion to Dismiss is general in nature and does not express any disputes to the Plaintiffs' claims. The Defendant's citing of Fed. R. Civ. P. 12(b)(6) is applicable only to the extent that the Plaintiffs allegations be considered as true and viewed in a manner most favorable to the Plaintiffs. The Defendant's position is oriented in a direction that does not dispute facts alleges and does not allow consideration for all elements in the Plaintiffs' Complaint. The Plaintiffs clearly and plainly state claims that can be in no way interpreted as legal conclusions, but simply facts as presented and understood by the Plaintiff. The Defendant does not challenge any facts, as stipulated by the Plaintiffs in their Complaint. The Defendant appears to be demanding particular legal conclusion in their Motion to Dismiss, the Defendant then contradicts their position by implying that the Plaintiffs's Complaint contains only legal conclusions and is void of clear and plain statement upon which the Plaintiffs are entitled to relief.

Under Fed. R. Civ. P. 12(b)(6), the Court must deny the Defendant's Motion to Dismiss unless the Defendant demonstrates, "…beyond doubt that the Plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." Flood v New Hanover County, 125 F. 3d 249, 251 (4th Cir. 1997). The Defendants have not met the precedent threshold that the Plaintiffs cannot prove any set of facts in support of their claims. Additionally, the Defendant does not dispute the facts as alleged in the Plaintiffs' Complaint.

The Plaintiffs clearly provide more than enough factual statements in their Complaint that are easily researched and verified through review of the Defendant's own records of the

Plaintiffs customer file. The Defendant's do not deny or dispute any facts in the Motion to Dismiss, which a person can draw a conclusion that either the facts that are stated are true as set forth, or that the facts stated have not been researched and are generally denied without a legal basis. The Plaintiffs Complaint provides enough facts and specifics to defeat the Defendant's position that there are insufficient facts to plausibly claim relief.   In support of the position of the U.S. Supreme Court referenced in the Defendant's Motion to Dismiss, Ashcroft, 129 S. Ct. at 1949 (2009), "...a claim has facial plausibility when the plaintiff please factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." The Plaintiffs' Complaint details facts alleged with more than sufficient specificity from which an inference may be drawn. The Plaintiffs provide time, dates, parties, references to billing statement and bank statements, payment amounts, check numbers and amounts, etc... in their Complaint establishing adequate factual basis that a claim for relief is entirely plausible. The Defendant's Motion to Dismiss should be denied.

**B.   The Court should deny the Defendant's Motion to Dismiss Count I.**

The Court should deny the Defendant's Motion to Dismiss Count I because the Plaintiffs are not required to plead all the essential elements of a cause of action for constructive fraud. The Plaintiffs however, are required to prove all the elements of negligent misrepresentations or constructive fraud in court by clear and convincing evidence.

The Plaintiffs identify the negligent misrepresentation, or fraud, with adequate specificity. In pleading fraud with adequate specificity, the identities of the individuals or their agents, officers, and employees who are alleged to have perpetrated the fraud must be revealed, as well as the details of the time and place where the fraudulent acts occurred and the specific acts complained of. Tuscarora v. B.V.A., 218 Va. 849, 858, 241 S.E.2d 778 (1978) (citations

5

omitted). The Plaintiffs' Complaint, paragraphs 6, 9, 13- 15, 42 and 44 – 50 express the sufficiency of detail noted above. The Defendant is the specific entity, the time and place are identified in chronological order throughout the Plaintiffs' Complaint and the specific act is clearly stated as the bilaterally executed mortgage modification agreement. [T]he elements of a cause of action for constructive fraud are a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation.  Blair Constr., Inc. v. Weatherford, 253 Va. 343, 346-47, 485 S.E.2d 137, 138-39 (1997). It is not a condition of a Complaint that a Plaintiff enumerate the elements of fraud or prove the Defendant committed fraud. The Plaintiff is only required to provide sufficient detail of the party, time, date, place and specific act in their Complaint.   The Plaintiffs reference the mortgage modification agreement several times in their Complaint. The Plaintiffs also provide the dates that the mortgage modification agreement was bilaterally executed and the fact that the Plaintiffs had to specifically request a bilaterally executed copy of the agreement from the Defendant. Clearly, the specifics are more than adequate the put the Defendant on notice of the exact document in question and the essential document at the heart of the negligent or innocent misrepresentation. The Defendant is in the residential mortgage business and their familiarity with the document referenced by the Plaintiffs should be a standard part of a customer's record. Paragraph 5(f) of the bilaterally executed mortgage modification agreement clearly states the rights and obligations of each party in regard to corrections of errors and amendments to the Agreement. However, the Defendant has neglected to amend the Agreement in any manner, thus misrepresenting the initial payment structure, adopting an arbitrary payment structure and submitted false representations of material fact to credit reporting agencies and the Plaintiffs. The misrepresentations continue

6

with either the intent to never comply with the original Agreement, innocently or negligently. All of which are relevant and subject to proof during legal proceedings other than the initial Complaint.

Plaintiffs provide specific detail in regard to the consequences and damages resulting from their detrimental reliance on the Defendant's promised contained in the mortgage modification agreement. The Plaintiffs continue to rely on the original and unmodified agreement in absence of any other agreement with the Defendant. The Plaintiffs relied on the original agreement and paid the monthly mortgage sum accordingly. However, the Defendant deviated from the original agreement unilaterally resulting in the Defendant's continuous misrepresentations of a material fact.

For the foregoing reasons, the Court should deny the Defendant's Motion to Dismiss Count I.

### C. The Court should deny the Defendant's Motion to Dismiss Count II.

Court should deny the Defendant's Motion to Dismiss Count II because the Plaintiffs' claim of negligent accounting and business practices has a direct bearing on both the contractual relationship between the Plaintiff and Defendant and the servicing of the Plaintiffs' residential mortgage account. Defendant owes a legal duty to the Plaintiff to accurately and timely credit the periodic payments made to the Plaintiffs' residential mortgage account. The evidence of this legal duty owed is contained in the mortgage modification agreement referenced in the Plaintiffs' Complaint.

The fact that the Defendant claims that it is a mortgage servicer and a debt collector, and not an accounting firm, defeats the Defendant's position that the Plaintiff is required to include in their Complaint a claim for malpractice. The Defendant contends that a claim of legal

malpractice is an action for breach of contract, but conversely stipulates the exception to the rule "where a party establishes an independent, willful tort 'that is factually bound to the contractual breach but whose legal elements are distinct from it.'"   Stone Castle, 191 F. Supp. 2d at 660 (quoting A & E Supply, 798 F.2d at 672)).   The negligence of the Defendant's actions in regard to their legal duty to accurately and timely credit the periodic payments made by the Plaintiff to the Plaintiffs' residential mortgage account is a legal cause of action distinct from the contractual breach, as claimed by the Plaintiffs.

The Plaintiffs correctly allege a separate tort based solely on the legal duties of the Defendant related specifically to the periodic payment transactions involving the Plaintiffs' residential mortgage account, admittedly serviced by the Defendant.  The Defendant has engaged in, and continues to engage in a willful tort, omission of a legal duty and malpractice as evidenced in the monthly billing statements and wholly inaccurate reports to the three credit bureaus as submitted by the Defendant. The willful conduct of the Defendant to continuously, negligently, inaccurately and untimely credit the Plaintiffs' residential mortgage account has been clearly stated in the Plaintiffs' Complaint.  The Plaintiffs' Complaint contains numerous statements that Defendant engaged in a "willful tort 'that is factually bound to the contractual breach but whose legal elements are distinct from it.'"  Stone Castle, 191 F. Supp. 2d at 660.

The Court should deny the Defendant's Motion to Dismiss Count II.

**D.   The Court should deny the Defendant's Motion to Dismiss Count III.**

The Court should deny the Defendant's Motion to Dismiss Count III because the Plaintiffs provide plain statements of negligent infliction of emotional distress upon which they are entitled to relief.  With specificity, the Plaintiffs state in their Complaint under paragraphs 35, 43 and 57 through 64.  It is not the obligation of the Plaintiff to detail specific physical injuries or medical

diagnosis in the complaint. Per the Defendant's citations, the Plaintiffs are only required to

plead that the Defendant's conduct caused emotional distress and physical injury, a condition

which the Plaintiffs have adequately complied with. The Plaintiffs' obligation is to set forth

plain statements that put the Defendant on notice that their negligence has caused the harm

alleged, as referenced herein and in the complaint.

The Defendant is correct in their assertion that recovery for "emotional distress" are not

typically allowed in contract actions. However, the Plaintiffs' Complaint is not an exclusive

contract action, but a claim of a series of negligent acts by the Defendant in addition to a contract

action. The Plaintiff has organized the Complaint in a manner that specifies the distinct

negligent actions from the contract action in Counts I through IV.

The exceptions cited by the Defendant apply under the circumstances alleged in the

Plaintiffs' Complaint. "The first exception... permits recovery for emotional disturbance where

the claim involves bodily injury." See Id. "The second exception provides that a plaintiff may

recover where 'the contract or breach is of such a kind that serious emotional disturbance was a

particularly likely result.'" Id. "To survive a motion to dismiss in a claim for negligent infliction

of emotional distress without physical impact, a plaintiff must plead that the conduct caused the

plaintiff both emotional disturbance and physical injury. See Myseros v. Sissler, 239 Va. 8, 12,

387 S.E.2d 463 (1990); Hughes v. Moore, 214 Va. 27, 34, 197 S.E.2d 214 (1973)."

The first exception applies as the Plaintiffs have stated plainly in paragraph 43 of their

Complaint, not only the symptoms of emotional disturbance but the result of the emotional

disturbance and diagnosis thereof. The medical records are not required to accompany a

complaint and the Plaintiffs can and will provide the Defendant with all medical records related

to their claim during discovery. The Plaintiffs are not required to set forth clear and convincing

evidence concerning symptoms of emotional disturbance or specific of the manifestation of physical injury in the complaint. The Defendant contradicts their previous contention that Plaintiffs have pleaded legal conclusions, yet the Defendant in their Motion to Dismiss is indicating that the Plaintiffs prove their claim in the initial Complaint by submitting clear and convincing evidence. The references in the Defendant's Motion to Dismiss are not in concert with procedures governing the filing of an initial complaint.

The second exception also applies as the Plaintiffs have stated plainly and with sufficiency to put the Defendant on notice that the Plaintiffs suffered bodily injury as a result of the Defendant's negligent infliction of emotional distress. The Plaintiffs have described with sufficient detail the effects typically related to suffering from emotional disturbance such as disrupted or disturbed sleep, pain medication for physical pain, prescriptions for anxiety and emotional stress. The Plaintiff can and will provide the minutiae of detail associated with medical records to the Defendant during discovery. It is not the obligation of the Plaintiff to provide the voluminous detailed reports of medical records and medical costs resulting from the manifestation of severe emotional distress and manifesting in physical pain and other bodily injury in the complaint.

The negligence of the Defendant in connection with the servicing of residential mortgage account is exactly the kind of act that would cause serious emotional disturbance. Considering the housing market since 2008, the present state of the economy, bankruptcies, the high unemployment rate, scarcity of well paying jobs, exorbitant cost of college education, the threat of foreclosure actions, depressed real estate prices, mortgages underwater, late payment notices, financial concerns in the majority of the households in the United States, the Defendant's negligence is inextricably related to the Plaintiffs' suffering of emotional distress.

10

The Court should deny the Defendant's Motion to Dismiss Count III.

## IV. CONCLUSION

Therefore, for the reasons cited above, the Court should deny the Defendant's Motion

to Dismiss Counts I, II and III, and afford the opportunity for the Plaintiffs to prove their asserted

claims against the Defendant and be granted the relief sought and any such further award and

other relief as deemed proper.

## CERTIFICATE OF SERVICE

The Plaintiffs hereby certify that on the 3rd day of September 2013, they filed with the

the Clerk of Court, United States District Court, Eastern District of

Virginia, Richmond Division, the foregoing and mailed a copy to:

Terry C. Frank, Esq.
Counsel for the Defendant
Kaufman & Canoles, P.C.
Three James Center
1051 E. Cary Street, 12th Floor
Richmond, VA 23219


Plaintiffs, John Klar and Marcy Klar
11001 Merganser Terrace
Chesterfield, VA 23838
804-269-1600
*Pro Se*

11