IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOHN KLAR
MARCY KLAR,

          Plaintiffs,

v.                                      Civil Action No. 3:13-cv-00462-JAG

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,
SETERUS, INC.

          Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on the plaintiffs' Motion to Remand (Dk No. 4.) The plaintiffs argue that the Court lacks jurisdiction to hear their claim because the Virginia state courts have personal jurisdiction over the defendants. (*Id.*) The plaintiffs' argument, however, relies on a misunderstanding of the bases of the Court's jurisdiction. Because the plaintiffs' amended complaint adds several federal claims and because complete diversity exists among the parties, the Court will DENY the plaintiffs' motion to remand this case.

On June 20, 2013, the plaintiffs filed suit in the Chesterfield County Circuit Court against the defendant Seterus, alleging various violations of Virginia state law. Seterus received service on June 27, 2013. On July 18, 2013, Seterus removed the case to this Court. The Klars timely filed a motion to remand this case. Subsequently, the plaintiffs amended their complaint twice to include an additional defendant, the Federal National Mortgage Association ("Fannie Mae"), and

add three additional counts for alleged violations of the Fair Credit Reporting Act, the Real Estate Settlement Procedures Act, and the Fair Debt Collection Practice Act.

## I. Standard of Review

Federal courts possess limited jurisdiction and may only exercise "that power authorized by the Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)) (internal quotations omitted). In order to entertain a case, a federal court must have jurisdiction over both the subject matter and the parties involved. *Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). Personal jurisdiction and subject matter jurisdiction constitute separate requirements and a federal court may not hear a case without satisfying both requirements. *See e.g. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577-78 (1999) (when the defendant removes a case to federal court, the court must determine whether it can exercise both personal and subject matter jurisdiction).

Subject-matter jurisdiction requirements stem from Article III and various federal statutes, *Compagnie des Bauxites*, 456 U.S. at 702, and limit the power of federal courts to hear certain claims. No exception exists that allows a court to hear a claim over which it has no subject-matter jurisdiction. *Id.* Hence, parties may not waive objections to a court's subject-matter jurisdiction. *Id.* at 703. Furthermore, any party may challenge the Court's subject-matter jurisdiction at any time. *Id.* Subject-matter jurisdiction exists where the case involves a federal question or if diversity of residency exists among the parties. Federal question jurisdiction involves suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts "unquestionably have federal [question] subject matter jurisdiction" if

federal law creates a private cause of action. *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Diversity jurisdiction, on the other hand, applies where the plaintiff's claim exceeds $75,000 and the parties come from different states or a foreign nation. *Id.* at § 1332. Diversity jurisdiction requires complete diversity among the parties, which means, "no defendant may be a citizen of the same state as any plaintiff." *17th St. Associates, LLP v. Markel Int'l. Ins. Co., Ltd.*, 323 F.Supp.2d 584, 594 (E.D. Va. 2005) (quoting *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999)) (internal quotations omitted).

Personal jurisdiction requirements, by contrast, stem from the strictures of the Due Process Clause. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). Personal jurisdiction "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). The individual nature of its protections means that, unlike subject-matter jurisdiction, defendants can waive their ability to challenge the presence of personal jurisdiction. *Compagnie des Bauxites*, 456 U.S. at 704. A suit meets the constitutional requirements of Due Process, and personal jurisdiction exists, when the defendant possesses such "minimum contacts with [the forum court] that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)) (internal quotations omitted). Personal jurisdiction may be either general or specific. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). A court can exercise general personal jurisdiction "if the defendant's activities in the forum state are substantial and pervasive[.]" *Smith v. Husband*, 376 F.Supp.2d 603, 609 (E.D. Va. 2006) (citing *Helicopteros*, 466 U.S. at at 415-16). Specific jurisdiction applies if the defendant's activities in

the forum state, although limited, gave rise to, or directly relate to, the cause of action in question. *Id.* at 414.

In addition to satisfying Constitutional requirements, the jurisdictional rules of the state where the federal court sits must also "authorize the exercise of personal jurisdiction over [the] defendant." *Jones v. Boto Co., Ltd.*, 498 F.Supp.2d 822, 826 (E.D. Va. 2007) (citing *Chisolm v. UHP Projects*, 1 F.Supp.2d 581, 584 (E.D. Va. 1998)). Because Virginia law extends personal jurisdiction to the limits of the Due Process Clause, courts often turn the dual inquiries into one. *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002).

Despite their limited authority, federal law has long allowed federal courts to hear claims removed from state court. 28 U.S.C. § 1441; *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1 (1983)) (discussing the "century-old jurisdictional framework" for removal). The defendant may remove a case originally filed in state court if the plaintiff could have chosen to file the original suit in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant removes the case by filing a Notice of Removal containing a "short and plain statement of the grounds for removal" along with copies of all previously filed papers. 28 U.S.C. § 1446(a). Filing must occur within 30 days of service. *Id.* at § 1446(c)(1). A removed case goes before the federal court in the state where the plaintiff originally filed suit. *Id.* at § 1441(a). In diversity cases, a suit may not be removed if any defendant resides in the state where the plaintiff filed suit. *Id.* at § 1441(b)(2).

## II. Discussion

While the Klars have not made it an issue in this case, the Court has an obligation to *sua sponte* determine whether it possesses subject-matter jurisdiction. *See Mansfield, C & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). The Klars reside in Virginia, Seterus is a Delaware corporation whose principal place of business is in North Carolina, and Fannie Mae is a federal corporation whose principal place of business is in the District of Columbia. Hence, complete diversity exists among the parties. Because the amount in controversy exceeds $75,000, the Court has diversity jurisdiction over all claims in this case.

The Court also has federal question jurisdiction over this case. Since filing their motion to remand, the Klars have amended their complaint to add three counts based on violations of federal laws that all create private causes of action. Moreover, identical facts form the basis of the Klars' federal and state-law claims. Thus, the Court has jurisdiction over the Klars' federal claims and supplemental jurisdiction over their state law claims. The Court therefore has both diversity and federal question jurisdiction over the claims in this case.

Similarly, Seterus properly removed this case. It filed a Notice of Removal on July 18, 2013, a filing which meets the time deadline set by § 1446. The Klars, however, do not contend that Seterus failed to follow the proper removal procedures, nor, once again, do they contest whether the Court has subject-matter jurisdiction over their claim. Instead, their sole objection stems from the fact that the Virginia state courts have personal jurisdiction over the defendants, a fact that no party disputes. According to the Klars, because Virginia state courts can exercise personal jurisdiction over the defendants, this Court does not have jurisdiction over their case, rendering removal improper. Their argument, however, demonstrates a fundamental misunderstanding of federal jurisdiction.

Section 1441 allows removal if the defendants meet the applicable procedural requirements and the federal court has both subject-matter *and* personal jurisdiction over the defendants. To determine whether they have personal jurisdiction over a defendant, federal courts use the jurisdictional rules of the state in which they sit. *See Boto Co., Ltd.*, 498 F.Supp.2d at 826. If the applicable state's jurisdictional rules would not allow its own courts to exercise personal jurisdiction, then the federal court also lacks personal jurisdiction. Whether the state courts of Virginia can exercise personal jurisdiction over the defendants therefore plays an important role in ensuring that this Court has jurisdiction over the Klars' claims. This Court can only hear the instant case, and the defendants can only remove it, if the Virginia state courts have personal jurisdiction over the defendants. Hence, contrary to the Klars' position, a determination that Virginia's state courts can exercise personal jurisdiction over the defendants does not strip this Court of its power to hear this case. Instead, it plays an integral role in giving this Court jurisdiction. Accordingly, since both the plaintiffs and the defendants agree that Virginia state courts have personal jurisdiction over the defendants, and because the Court has determined that the defendants have met all other jurisdictional and procedural requirements, the Klars' motion to remand will be DENIED.

### III. CONCLUSION

For the reasons set forth above, the Court shall deny the plaintiff's motion to remand.

The Court shall enter an appropriate order.

Date: 1/8/14
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge