IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOHN KLAR,

        Plaintiff,

v.                              Civil Action No. 3:13-cv-00462-JAG

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, *et al.*

        Defendants.

**MEMORANDUM OPINION**

    This matter comes before the Court on the defendants' Motion for Judgment on the Pleadings under Federal Rule 12(b)(6).  (Dk. No. 71.)  The defendants, Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc. ("Seterus"), seek to dismiss counts I and II of the plaintiff's Second Amended Complaint ("Complaint"), alleging fraud and constructive fraud.  The Court previously ordered the plaintiffs, John and Marcy Klar, to file a bill of particulars specifying the precise statements that form the basis of his fraud claims.[1]  The defendants' motion followed from that filing.

    The Court will GRANT the defendants' motion for judgment on the pleadings because Klar has failed to establish that the defendants made a material misstatement or that he relied upon this misstatement.  The Court DISMISSES Counts I and II of the Complaint.

---

[1] In the interim, Marcy Klar has been dismissed from the suit. (Dk. No. 78.)

## I.   Statement of Facts

The Court's memorandum opinion on the defendants' motion to dismiss fully described the facts of this case.  (Dk. No. 57.)  The Court will therefore confine its discussion to the plaintiff's bill of particulars.  (Dk. No. 68.)

This case stems from a contract between the parties to modify the terms of a mortgage Fannie Mae owned on the plaintiff's home.  The mortgage modification agreement contained specific monthly principal and escrow payments.  Klar contends that these specific payments for principal and escrow are the only amounts he has to pay under the modification agreement. Soon after signing the agreement, however, the defendants began requesting larger principal and escrow payments from Klar, and imposed additional, "Other Charges."  (Dk. No. 68 at p. 2.) These additional charges were allegedly part of an intentional scheme by the defendants to charge Klar more money than allowed by the modification agreement.  The defendants allegedly agreed to the terms of the modification agreement as interpreted by Klar, even though, from the outset, they intended to breach it.  So far, Klar has refused to pay more than he believes is required by the modification agreement.

## II.   Legal Standard

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as the standard used in a Rule 12(b)(6) motion for failure to state a claim.  *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009).  When considering a motion for judgment on the pleadings, the Court tests the sufficiency of a claim and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  The Court also accepts all the complainant's factual allegations as true and resolves factual differences in that party's

2

favor. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). Nevertheless, the Court need not accept the complainant's legal conclusions or any other unreasonable or unwarranted arguments as true. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). In addition, the complainant must offer more than "labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to overcome a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).

Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint containing facts that are merely "consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 557. A claim thus becomes "facially plausible" when the complainant offers "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III.   Discussion

The defendants argue that Virginia's economic loss rule bars the plaintiff's fraud claims. Under the economic loss rule, a party may not obtain tort damages for "purely economic losses arising out of contractual relationships." *McKesson Medical-Surgical, Inc. v. Kearney*, 271 F.Supp.2d 827, 828 (E.D. Va. 2003) (citing *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 559, 507 S.E.2d 344 (1998)). A party may not recover tort damages for "losses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law." *Filak v. George*, 267 Va. 612, 618, 594 S.E.2d 610 (2004) (citing *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 425, 374 S.E.2d 55

(1988)). Only contract damages may be recovered. This rule "safeguard[s] against turning every breach of contract into an actionable claim for fraud." *Richmond Metro. Auth.*, 256 Va. at 560. Joint claims for breach of contract and tortious breach of duty can co-exist only if "the duty tortiously or negligently breached [is] a common law duty, not one existing between the parties solely by virtue of the contract." *Foreign Mission Bd. of the Southern Baptist Convention v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144 (1991).

Here, any obligations between the parties stemmed wholly from the modification agreement. The plaintiff has not shown that the defendants breached any other duty. Klar and the banks simply disagree about the amount Klar owes each month under the modification agreement. The economic loss rule prohibits a tort claim based wholly upon the meaning of a contract.

Two additional reasons support the dismissal of the plaintiff's fraud claims. In Virginia, "[a]n essential element of a fraud claim is a misstatement of fact." *Wells Fargo Bank, Nat. Ass'n. v. Smith*, No. 3:10-CV-411, 2010 WL 4622176 at *3 (E.D. Va. Nov. 5, 2010) (quoting *State Farm Mut. Auto. Ins. v. Remley*, 270 Va. 209, 219, 618 S.E.2d 316 (Va. 2005)) (emphasis added). "A fraud claim cannot rest on a misstatement of the legal effect of a contract." *Id.* The plaintiff must prove that he relied upon the factual misstatement to his detriment. *Id.* at *2. Klar has not shown that the defendants made a material misstatement of fact or that he relied upon any such misstatement.

First, the plaintiff claims that the defendants misrepresented the terms of the modification agreement "by fraudulently demanding that the Plaintiff[] pay amounts of principal and interest and escrow that are higher than the amounts specified in the loan modification and escrow agreements." (*Id.* at ¶ 4.) Klar essentially claims that the defendants misstated how much they

would charge him, i.e. how they would interpret and enforce the terms of the contract.  Contract terms, though, are not statements of fact.  They simply detail the parties' obligations under the contract.  The defendant's misrepresentation of these terms can only affect Klar's understanding of his contractual obligations.  In other words, the defendants' alleged misstatements caused Klar to misunderstand the legal effect of the modification agreement.  Hence, he has not shown that the defendants made a material misstatement of fact.

Klar has also failed to show that he relied on anything the defendants said.  He claims that he "relied precisely on the statements in the loan modification and escrow agreements specifying the monthly payment amounts." (Dk. No 68 at ¶ 2.)  Klar's reliance, paying only the amounts he felt he owed under the contract, caused the defendants to report him to the credit bureaus for non-payment, which damaged his finances.  When the plaintiff says that he relied upon the terms of the contract, however, he simply means that he followed the modification agreement, something he was required to do.  The gravamen of his dispute with the lenders is that he is paying less than they demand.  He did not follow the agreement because of anything the defendants said, and he has not shown reliance in any way.

The Court GRANTS the defendants' motion and DISMISSES Counts I and II of Klar's Complaint.

The Court shall enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and via U.S. Mail to the *pro se* plaintiffs.

Date: July 7 2014

Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

5